REQUESTED BY: Senator Ernie Chambers 354 State Capitol Lincoln, NE 68509
Dear Senator Chambers:
This is in reply to your inquiry as to whether or not a county judge is subject to impeachment in Nebraska.
Although your letter does not specifically state, we assume from the copy of the newspaper article you attached that you are requesting this opinion for a legislative purpose.
As you have indicated, the Constitution of Nebraska has provided a method for disciplining judicial officers of the State, as well as a separate method for disciplining all officers of the State.
Article V, Sections 28-30 provide a method for disciplining a judge of any court of this state through the method of the Judicial Qualifications Commission and review by the Supreme Court of Nebraska, including the authority to permit additional evidence and to make such determination as it finds just and proper. Sections 28-30, discussed above, and Section 31 of Article V were added to the Constitution as a package in 1966. LB 834, Laws of Nebraska, 1965, p. 848.
Section 31 provides in pertinent part: "These amendments are alternative to and cumulative with the methods of removal of Justices and judges provided in Article III, section 17, and Article IV, section 5, of this Constitution. . ."
While there have been some amendments to these sections of the Constitution since that time, there has been no change to Section 31.
Article III, Section 17 of the Constitution, referred to in the portion of the Constitution quoted above, is the section of the Constitution which gives the Legislature the sole power of impeachment of any officer and sets forth the general procedure. In doing so, that section provides for filing a notice of impeachment of any officer, other than a Judge of the Supreme Court, with the Chief Justice, and it further provides that the notice of impeachment of the Chief Justice, or any judge of the Supreme Court, shall be served upon any judge of the judicial district within which the Capitol is located.
It is thus clear that Section 17 refers to judicial officers, as well as executive and legislative officers, since special provision was made for the trial of impeachment resolutions against Supreme Court judges, who would, in other cases, try the case against all other officers.
Article IV, Section 5 of the Constitution, also referred to in Article V, Section 31 quoted in part above, merely states: "All civil officers of this state shall be liable to impeachment for any misdemeanor in office." This particular provision is found in the article concerned with the executive branch of government and does not particularly add or detract from the foregoing discussion, except the fact that it is referred to in Article V, Section 31.
Should there be any doubt, however, the term "civil officer" is defined in Black's Law Dictionary as follows:
 "The word `civil,' as regards civil officers, is commonly used to distinguish those officers who are in public service but not of the military. Hence, any officer of the United States who holds his appointment under the national government, whether his duties are executive or judicial, in the highest or the lowest departments of the government, with the exception of the armed services."
In Ballantyne v. Bower, 99 P. 869 at 871, the court, citing cases from a number of other states, stated: "The phrase `civil office under the state,' within Const. art. 6, subd. `Elections,' § 4. providing that every person holding a civil office under the state or any municipality therein shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified, import an office in which is reposed some portion of the sovereign power of the state, having some connection with the legislative, judicial, or executive department of the government. The office of justice of the peace comes within this class."
In State v. Mayes, 54 S.W.2d 941, the Supreme Court of Tennessee stated: "Term `civil officer' is used in contradistinction to military officer and covers all officers whether their duties are executive, legislative, or judicial."
In light of the foregoing, we are of the opinion that the provisions for disciplining a member of the judiciary under Article V, Sections 28-31 relating to the Judicial Qualifications Commission are not exclusive, but that such person may also be subject to removal by impeachment under Article III, Section 17 of the Nebraska Constitution.
As alluded to in discussing said provisions, the final determination under either or both procedures is left with the Supreme Court of Nebraska as to all judges other than members of that Supreme Court.
Hoping this will be of assistance to you, we are
Very truly yours,
ROBERT M. SPIRE Attorney General
Mel Kammerlohr Senior Assistant